UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILMER RAMON CABRERA ARGUETA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-04445-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Wilmer Ramon Cabrera Argueta filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). *See* ECF No. 1 at 11. For the following reasons the Court GRANTS the petition as to claim three and orders Petitioner's immediate release.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a citizen of Honduras who entered the United States at an unknown date and time without encountering immigration authorities. *Id.* at 2. Since entering the United States, he married a United States citizen whom he shares three children with. *Id.* He was also charged with and pled *nolo contendere* to possession of less than twenty grams of marijuana in 2017. *See* ECFNo. 11-2 at 4–5, 13–15. Petitioner appears to have had no criminal encounters aside from this charge nine years ago. Additionally, it does not appear that Petitioner has interacted with immigration authorities prior to his most recent detention by ICE.

On April 21, 2026, a Charlotte County Sheriff pulled over a car allegedly for a suspected window tint violation. ECF No. 1 at 2. Petitioner was a passenger riding in that vehicle. *Id.* The Sheriff reviewed the driver's license and determined that the license was likely invalid under

United States District Court
Eastern District of California

Florida law. ECF No. 1-1 at 10–11. The Sheriff then called ICE to investigate both Petitioner's and the driver's immigration status. *See* ECF No. 11-1 at 3–4. The ICE officer concluded that Petitioner did not have lawful immigration status and instructed the Sheriff to place both the driver and Petitioner under arrest so that they could be transferred to immigration detention. ECF No. 11-1 at 4. The record suggests that the driver of the vehicle was arrested for driving without a valid license, but Petitioner was not arrested for any criminal charges. ECF No. 1-1 at 10–11. ICE served Petitioner with a Notice to Appear placing him in removal proceedings and charging him as inadmissible under 8 U.S.C. §§1182(a)(6)(A)(i) and (a)(7)(A)(i)(I) that same day. ECF 11-1 at 9. It does not appear that ICE ever issued a warrant for Petitioner's arrest.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner asserts three claims for relief: (1) that the traffic stop which led to his arrest by ICE was unconstitutionally prolonged in violation of the Fourth Amendment; (2) that his current detention was the "fruit of an unconstitutional seizure"; and that (3) his prolonged mandatory detention violates his procedural due process rights. ECF No. 1 at 4–10. He maintains that release is the proper remedy for all three of these claims. *Id*. at 11. Respondents oppose relief, arguing that Petitioner's Fourth Amendment claims are not cognizable in habeas, and that his

continued detention is mandatory under 8 U.S.C. § 1226(c)(1)(A) in light of his 2017 charge for marijuana possession.

The Court rejects Respondents' argument that Petitioner's detention is mandatory under § 1226(c)(1)(A), and finds that Petitioner's arrest and detention are properly controlled by 8 U.S.C. §1226(a). As Respondents failed to provide Petitioner with much of the due process to which he was statutorily entitled under § 1226(a), the Court grants the petition as to Petitioner's procedural due process claim (count 3). Because Petitioner's due process claim provides him with all the relief to which he is entitled—namely release from custody—the Court declines to consider his Fourth Amendment claims (counts 1, 2).

The evidence in the record does not support Respondents' argument that ICE, at any point, has determined Petitioner to be subject to detention under § 1226(c)(1)(A). Under that subsection, the "Attorney General shall take into custody an alien who … is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2), in turn, renders "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of … a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance" inadmissible. In other words, to trigger detention under § 1226(c)(1)(A) Petitioner needed to have been charged as inadmissible under § 1182(a)(2).

Here, however, there is no such charge. Rather, the Notice to Appear served on Petitioner on the day of his arrest only charges him as inadmissible under sections 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). *See* ECF No. 11-1 at 9. These charge do not support mandatory detention under § 1226(c)(1)(A). *See Miao v. Chestnut*, No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026) (rejecting the respondent's mandatory detention argument because grounds where not charged in the Notice to Appear). And Petitioner claims that he was denied bond by an immigration judge because the judge determined it lacked jurisdiction to grant release under ***8 U.S.C. § 1225(b)***, not § 1226(c). *See* ECF No. 1 at 4.

Respondents have not provided any evidence from which the Court can conclude that § 1226(c)(1)(A) controls Petitioner's detention. The Court therefore finds that Petitioner's arrest,

detention, and release fall under 8 U.S.C. § 1226(a) as he is a noncitizen "present without admission" and was "apprehended in the interior of the United States[.]" *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Indeed, the Notice to Appear supports this conclusion because it lists Petitioner as a "noncitizen present in the United States who has not been admitted or paroled." ECF No. 11-1 at 6.

Petitioner was entitled to the process available under § 1226(a), but appears to have been detained now for over five months without receiving any of it. As one district court has recently explained:

> Section 1226(a) and its regulations guarantee noncitizens detained under that provision multiple levels of "substantial procedural protections" against the erroneous deprivation of their liberty. These protections include, *inter alia*, the requirement that a noncitizen cannot be arrested without an administrative warrant or detained without notice of the basis for their detention through a notice to appear, both of which must be signed and served by designated immigration officers; the requirement that an ICE officer with designated authority conduct an initial custody determination at the outset of detention, wherein the noncitizen has an opportunity to "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen is likely to appear for any future proceeding"; and the right to seek review of an ICE officer's initial custody determination through a prompt bond hearing before an immigration judge ("IJ") based on individualized evidence, wherein the IJ will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."

*Garcia-Maya v. Blanche*, No. 2:26-CV-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (internal citations omitted) (quoting *Jacobo-Ramirez v. Mullin*, — F. Supp. 3d —, 2026 WL 879799 (D. Nev. 2026)).

Here, there is no evidence in the record that Petitioner was arrested upon an administrative warrant or had an opportunity to challenge his continued detention before an immigration officer or immigration judge. Petitioner has now been detained for five months without being provided the process he was statutorily entitled to under § 1226(a), and Respondents have otherwise provided no prima facie evidence that he would be a danger to the community or flight risk if released. As such, the appropriate remedy is Petitioner's immediate release. *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR (HC), 2026

WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or custody determination made by an authorized immigration official); *Gopie v. Lyons*, No. 25-CV-05229-SJB, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025) ("By not making a prior or contemporaneous determination of custody, ICE failed to provide pre-deprivation process required in this setting …. ICE does not have free-ranging ability to arrest and detain people, and figure out the reasons later, like they apparently did here.") *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public).

## IV. CONCLUSION AND ORDER

The petition for writ of habeas corpus is GRANTED as to count 3. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

**IT IS SO ORDERED.**

Dated: September 10, 2026

Noël Wise
United States District Judge